IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DIANE CASTANON, KATHERINE CASTANON, <br>     *Plaintiffs,* <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF INDIANA, <br>     *Defendant.* | § § § § § § § § § § § <br><br> CASE NO. 5:21-CV-00851-XR |

## ORDER

On this date, the Court considered Plaintiffs' motion to compel appraisal and abate litigation pending appraisal (ECF No. 16) and Defendant's response (ECF No. 18). No reply has been filed, and the time to do so has now passed. After careful consideration, the Court issues the following order.

### BACKGROUND

This case arises out of an insurance coverage dispute between Plaintiffs Diane and Katherine Castanon ("Plaintiffs") and Defendant Safeco Insurance Company of Indiana ("Safeco") regarding a claim for damage to Plaintiffs' residence which they contend was caused by a plumbing leak on or about July 20, 2019. ECF No. 1-3 at 3. Plaintiffs filed suit July 20, 2021 in the 288th District Court of Bexar County, Texas, asserting causes of action against Safeco for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. ECF No. 1-2. Safeco then removed the action to this Court on the basis of diversity jurisdiction. ECF No. 1.

The Policy at issue contains an appraisal clause. The appraisal clause provides:

> Appraisal. If you and we do not agree on the amount of the loss, including the amount of actual cash value or replacement cost, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then resolve the issues surrounding the loss, appraise the loss, stating separately the actual cash value or replacement cost of each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two or these three, when filed with the company shall determine the amount of loss. Each party will:
>     a. Pay its own appraiser; and
>     b. Bear the other expenses of the appraisal and umpire equally.

ECF No. 16-1 at 24.

More than two years after the date of loss and six months after filing this lawsuit, Plaintiff demanded appraisal on February 10, 2022. ECF No. 16-2. Safeco declined to participate in the appraisal process on February 25, 2022. ECF No. 16-3. Plaintiffs then filed the instant motion to compel the appraisal and to abate the litigation during appraisal. ECF No. 16.

## DISCUSSION

The Parties dispute whether Plaintiffs' invocation of the appraisal clause of the policy at issue is proper at this stage in the proceedings. Plaintiff maintains that appraisal "is best resolved through the appraisal process[.]" ECF No. 16 at 5. However, Safeco contends that Plaintiffs have waived their right to demand appraisal and rendered appraisal impossible by repairing the alleged damage. ECF No. 18 at 1.

In Texas, enforcement of appraisal clauses is strongly favored, absent illegality or waiver. *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011). "Waiver

requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006) (orig. proceeding). "The party challenging the validity or enforceability of an appraisal clause based on waiver bears the burden of establishing (1) waiver by conduct of the party seeking appraisal and (2) prejudice to itself (the party claiming waiver of the appraisal clause)." *In re Allstate Vehicle & Prop. Ins. Co.*, 549 S.W.3d 881, 889 (Tex. App.—Fort Worth 2018, orig. proceeding). While waiver is typically a fact question, whether certain circumstances constitute waiver is a question of law that a court may decide. *Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777, 784 (S.D. Tex. 2011) (applying Texas law).

### 1. Plaintiffs' appraisal request was unreasonably delayed.

When an insurance policy is silent regarding the deadline to invoke an appraisal clause, the demand for an appraisal must be made within a reasonable time. *Barbara Tech. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 815 (Tex. 2019). Unreasonable delay in demanding appraisal is a factor in favor of finding waiver. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 408. However, "reasonableness must be measured from the point of impasse[.]" *Id.* "An impasse is not the same as a disagreement about the amount of the loss." *Id.* Rather, the parties reach an impasse when there is a breakdown of good-faith negotiations, or where "further negotiations would be futile, 'or would be of no effect if performed.'" *Id.* at 408–09 (quoting *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888)).

Safeco contends that the parties reached an impasse on March 11, 2020, when it denied Plaintiffs' claim. ECF No. 18 at 5; ECF No. 18-3 at 12. Since that date, it argues, "Safeco's position has been consistent . . . regarding the coverage dispute[.]" ECF No. 18 at 5. Safeco further submits that no subsequent settlement offers or attempts at negotiation have been made since that date. *Id.*

3

In the alternative, Safeco submits that the parties reached an impasse on March 19, 2021, when Plaintiffs' counsel sent Safeco a pre-suit notice as required by the Texas Insurance Code for what Plaintiffs contended were "actual damages owed." *Id.*; ECF No. 18-7 at 3. Plaintiffs do not dispute Safeco's version of the facts.[1]

Here, there is no indication of direct communication between the parties about Plaintiffs' claim after Safeco denied coverage for Plaintiffs' claim or after Plaintiffs sent their demand letter, and since that time, Plaintiffs have filed the instant lawsuit. In such circumstances, courts have found the parties have reached an impasse. *See Skypac Corp. v. Great Lakes Reinsurance (UK) SE*, No. 1:16-cv-115, 2016 WL 9414096, at *2 (E.D. Tex. Dec. 16, 2016) ("An insured's filing of a lawsuit is evidence of an impasse."); *Sanchez v. Prop. & Cas., Ins. Co. of Hartford*, No. H-09-1736, 2010 WL 413687, at *6 (S.D. Tex. Jan. 27, 2010) (holding that the parties reached an impasse when the insurer denied coverage for the insured's claim and no further communication occurred). This Court concludes the same.

Even assuming the Parties reached an impasse in March 2021, Plaintiffs' appraisal demand was unreasonably delayed. At that time, Plaintiffs were on notice that they had the right to invoke the appraisal clause but failed to do so. A one-year delay between impasse and an appraisal demand is unreasonable. *See, e.g.*, *Skypac Corp.*, 2016 WL 9414096, at *2 (finding a seven-month period between impasse and the insured's invocation of the appraisal clause unreasonable); *Sanchez*, 2010 WL 413687, at *6 (finding an eleven-month period between impasse and the insurer's invocation of the appraisal clause unreasonable). Accordingly, the Court finds that Plaintiffs' delay in demanding appraisal is unreasonable.

---

[1] While Safeco expressly reserved the right to invoke the Policy's appraisal provision in its amended answer filed on January 3, 2022, ECF No. 14 at 16, the Court's inquiry is limited to the conduct of the party seeking appraisal, *see In re Allstate Vehicle & Prop. Ins. Co.*, 549 S.W.3d at 889.

### 2. Safeco is prejudiced by the delay.

However, delay alone is not enough; Safeco must also demonstrate that it has been prejudiced. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 411. "[P]rejudice to a party may arise in any number of ways that demonstrate harm to a party's legal rights or financial position." *Id.* Safeco has met its burden to show prejudice. Plaintiffs have repaired the alleged damages to their property, making it impossible for an appraisal panel to assess the alleged damages. *See* ECF No. 18-1; ECF No. 18-2. Further, the Parties have already engaged in expert discovery and have incurred litigation expenses. *See* ECF No. 10. While Plaintiffs argue that continuing discovery would "only increase the cost of litigation when the parties may be able to complete resolution through the more efficient, less costly avenue of appraisal," they ignore that appraisal cannot resolve the central coverage dispute at issue in this lawsuit. *See* ECF No. 16 at 5; *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 406–07 (noting that appraisal clauses provide "a means to resolve disputes about the amount of loss for a covered claim"). An appraisal, at this stage, will only further delay the litigation and serve no purpose as repairs have already been completed. Thus, the Court concludes that Plaintiffs have waived appraisal.

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel appraisal (ECF No. 16) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 8th day of July, 2022.

 

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE